UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Aaron Rubenstein,<br><br>                    Plaintiff,<br>          v.<br><br>Kenneth L. Londoner,<br><br>                    Defendant,<br><br>          and<br><br>BioSig Technologies, Inc.,<br><br>                    Nominal Defendant. | No. 16-cv-3327<br><br>**COMPLAINT FOR RECOVERY<br>OF SHORT-SWING PROFITS<br>UNDER 15 U.S.C. § 78p(b)**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Aaron Rubenstein ("Plaintiff"), by his attorney, as and for his complaint herein, respectfully alleges as follows on knowledge as to himself and his own acts and on information and belief as to all other matters:

<u>**NATURE OF ACTION**</u>

1.     This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2.     Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a public company who profited from the purchase and sale of the company's stock or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of information, or bad faith is irrelevant and not required. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized in violation of the Act.

3.     Defendant Kenneth Londoner is an insider of Nominal Defendant BioSig Technologies ("BioSig," or the "Company") who profited from purchases and sales of BioSig

stock that occurred within a period of less than six months. As a result, Londoner must return the profits he realized from these transactions to BioSig.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

5. Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. The common stock of BioSig is traded on the NASDAQ through market-makers located within this District. One or more of the transactions complained of herein were effected in this District.

## THE PARTIES

6. Plaintiff Aaron Rubenstein is a Rhode Island resident and a shareholder of BioSig.

7. Nominal Defendant BioSig is a Delaware corporation with principal offices at 8441 Wayzata Blvd., Suite 240, Minneapolis, MN 55426. This action is brought in the right and for the benefit of BioSig, which is named as a nominal defendant solely in order to have all necessary parties before the Court.

8. Defendant Londoner is the co-founder, Executive Chairman, and a member of the Board of Directors of BioSig. Upon information and belief, Londoner resides in Westport, Connecticut.

## FACTUAL BACKGROUND

9. At all relevant times, the common stock of BioSig was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78(*l*).

10. At all relevant times, Defendant Londoner was a Director and a greater-than 10% owner of the common stock of BioSig, and was subject to Section 16 of the Act.

11. On August 6, 2015, Londoner sold 100,000 shares of BioSig. Londoner received a sale price of $.5 per share plus additional non-cash consideration, for the sale of these shares. On August 6, 2015, BioSig common stock traded in over-the-counter markets at prices ranging from $1.71 to $1.85 per share, and trading in BioSig stock closed at a price of $1.74 per share.

12. On October 23, 2015, Londoner purchased 66,667 BioSig "Units" for a price of $1.5 per Unit. Each Unit consisted of one share of BioSig common stock, and one warrant to purchase one-half of one share of BioSig common stock. The warrant components of the Units were exercisable for a period of three years (expiring on October 23, 2018), at an exercise price of $1.95 for each half-share of BioSig stock underlying each warrant. On October 23, 2015, BioSig common stock traded in over-the-counter markets at prices ranging from $1.20 to $1.49 per share, and trading closed at a price of $1.36 per share.

13. Under Section 16(b), the purchase of the Units described in Paragraph 12 is treated as a purchase of 100,001 shares of BioSig common stock (the total number of shares underlying the Units, including the warrant components of the Units).

14. The purchase described in Paragraph 12 may be matched, using the "lowest in, highest out" method, with the sale described in Paragraph 11. Profits may be calculated by reference to the price at which BioSig common stock traded in the market on the respective dates of purchase and sale, to yield a total of up to $65,000 in short swing profits realized by Londoner and recoverable by BioSig under Section 16(b) as a result of those transactions.

15. Demand for prosecution was made on BioSig on November 18, 2015. On December 11, 2015, and in correspondence with counsel for the Company thereafter, Plaintiff was informed by counsel for BioSig that the Company did not intend to seek recovery of short swing profits from Londoner, as demanded by Plaintiff.

16. This action is brought within two years of the occurrence of the violations described herein.

## COUNT I

**(Profits Recoverable Under Section 16(b) of the Securities Exchange Act)**

17. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 16, above.

18. Defendant Londoner had a direct or indirect pecuniary interest in all of the shares of common stock purchased or sold in the transactions described in Paragraphs 11 and 12, above.

19. The transactions described in Paragraphs 11 and 12, above resulted in short swing profits of up to $65,000 realized by Defendant Londoner, which must be disgorged to the Company under Section 16(b).

## COUNT II

20. Count II is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

21. Defendant Londoner, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of the Company within periods of less than six months of each other while a more-than-10% beneficial owner of the Company, including but not limited to the transactions pleaded in COUNT I.

22. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of the Company, Defendant Londoner realized profits, the exact amounts thereof

being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of the Company.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

(a) requiring Defendant Londoner to account for and pay to the Company the short swing profits recoverable from him under the Act, together with appropriate pre- and post-judgment interest and costs of this suit;

(b) awarding to Plaintiff his costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 4, 2016

*s/ Miriam Tauber*

_____
Miriam Tauber (MT-1979)
885 Park Avenue 2A
New York, NY 10075
Telephone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Attorney for Plaintiff Aaron Rubenstein*