# haynesboone

July 13, 2016

**Jonathan D. Pressment, Esq.**
Direct Phone Number: 212-918-8961
Direct Fax Number: 212-884-9561
*Jonathan.pressment@haynesboone.com*

**BY ECF**

The Honorable Vernon S. Broderick
United States District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

Re:   *Aaron Rubenstein v. Kenneth Londoner and BioSig Technologies, Inc.;*
        *Case No. 16 CIV 3327 (VSB)*

Dear Judge Broderick,

We write on behalf of defendant Kenneth Londoner ("Mr. Londoner") and nominal defendant BioSig Technologies, Inc. ("BioSig" and collectively with Mr. Londoner, "Defendants"), pursuant to the Court's July 11, 2016 Order [Dkt. No. 11], to respond to the July 8, 2016 letter filed by Plaintiff's counsel in which she advises of her purported intention to seek permission to file a motion to disqualify the undersigned on the basis of an alleged conflict of interest between Defendants. For the reasons set forth herein, Plaintiff's proposed motion is without basis.

Indeed, Plaintiff's proposed motion represents the latest step in Plaintiff's efforts to recover alleged short-swing profits from Mr. Londoner pursuant to Rule 16(b). Putting aside the fact that Plaintiffs' ownership of *a single share* of BioSig stock renders Plaintiff's motives in bringing this action (along with those of his counsel) dubious at best, Plaintiff's threatened motion to disqualify the undersigned appears to be nothing more than a tactical move aimed at disrupting Defendants' defense of an otherwise baseless claim. Indeed, no conflict of interest between Defendants -- in appearance or actuality -- exists.

As this Court is well aware, a motion to disqualify an attorney rests within the sole discretion of the court. *Cressell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). In deciding a motion to disqualify an attorney, the court must balance "a client's right [to] freely choose his counsel against the need to maintain the highest standards of the profession." *New York v. Monfont Trust*, No. 12-CV-3755 (LDW), 2014 WL 5018607, *2 (E.D.N.Y. Oct. 7, 2014). Courts in this Circuit, however, are particularly "chary" to grant such motions. *Scantek Medical, Inc. v. Sabella*, 693 F. Supp. 2d 235, 238 (S.D.N.Y. 2008).

Not only do motions to disqualify infringe upon a civil litigant's fundamental right to employ the counsel of his choice, but they also are subject to potential abuse. *Id.* Indeed, this Circuit has long recognized the fact that motions to disqualify have become common tools in the litigation process, often interposed -- as appears to be the case here -- "for tactical reasons" that cause unnecessary delays and expenses. *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 300-01 (E.D.N.Y. 2009); *see also, International Electronics Corp. v. Flanzer*, 527 F.2d 1288, 1289 (2d

Haynes and Boone, LLP
Attorneys and Counselors
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Phone: 212.659.7300
Fax: 212.918.8989
www.haynesboone.com

The Honorable Vernon S. Broderick
July 13, 2016
Page 2

Cir. 1975). As a result, such motions are "subject to particularly strict scrutiny." *Scantek Medical, Inc.*, 693 F. Supp. 2d at 238.

Moreover, "[w]here a conflict is alleged, the standard for disqualification varies depending on whether the representation is concurrent or successive." *Merck Eprova AG v. ProThera, Inc.*, 670 F. Supp. 2d 201, 208 (S.D.N.Y. 2009) (internal citations and quotations omitted). If the representation is concurrent, disqualification must be denied if the attorney shows "at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation." *Hempstead Video, Inc. v. Incorporated Vill. of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005).

Here, there is no apparent or actual conflict in loyalties. Indeed, Plaintiff's counsel fails to identify -- much less, explain -- the alleged "conflict" upon which her proposed motion would be based. She cites no law, references no facts, provides no justification to support her proposed motion whatsoever. Plaintiff's silence is telling and, as it turns out, warranted -- no basis to disqualify the undersigned from representing either Defendant exists.

The fact that Plaintiff has brought his claims in the form of a derivative action -- purportedly on behalf of the corporation -- does not create conflict of interest *per se*. In fact, taken to its logical conclusion, Plaintiff's suggestion that counsel should be disqualified simply on the basis of its concurrent representation of two co-defendants would effectively bar counsel from the joint representation of co-defendants in *any* derivative action. The law does not require -- or even suggest -- that such result follow.

Instead, Rule 1.13(d) of the New York Rules of Professional Conduct expressly provides that "[a] lawyer representing an organization *may also represent* any of the directors, officers, employees, members, shareholders or other constituents, subject to the provisions Rule 1.7."[1] (emphasis added). As the comments to the rule specifically explain, "Most derivative actions are normal incidents of an organization's affairs, to be defended by the organization's lawyer like any other suits." N.Y. Rules of Prof. Con., Rule 1.13, cmt. 14.

Only "if the claim involves serious charges of wrongdoing by those in control of the organization," does an actual "conflict arise between the lawyer's duty to the organization and the lawyer's relationship with the board," triggering Rule 1.7. *Id.*[2] However, that is not the case here. Plaintiff's claim does not involve any allegations of malfeasance by Mr. Londoner or any others at all. Quite to the contrary, Plaintiff's counsel maintains that Mr. Londoner's alleged "knowledge, motive [and] intent" are entirely irrelevant. (*See* ECF No. 10 at 1.)

---

[1] Rule 1.7, as more fully discussed below, sets forth the rule for dealing with a conflict of interest between two concurrent clients.

[2] The Model Rules of Professional Conduct and New York's Rules of Professional Conduct are the same with respect to these issues. *Cf. County of Suffolk v. Long Island Lighting Co.*, 710 F. Supp. 1407, 1413 (E.D.N.Y. 1989) (applying ABA Model Rules) *with Monfort Trust*, 2014 WL 5018607 at *3 (applying former New York Canons and Disciplinary Rules); *see also* American Bar Ass'n, Model Rules of Prof. Conduct, Rules 1.7 and 1.13(g).

The Honorable Vernon S. Broderick
July 13, 2016
Page 3

In short, Plaintiff's claim of short-swing profits boils down to the plain meaning of Rule 16(b) of the Securities Act of 1934 ("Rule 16(b)"). As such, this action is very unlikely to give rise to the sort of fact intensive discovery that threatens to expose secrets and confidences of either Defendant. Thus, joint representation under Rule 1.13(d) is not only proper, but sensible.

Further, there is no actual conflict of interest between BioSig and Mr. Londoner. BioSig has already reviewed Plaintiff's claims and concluded that Mr. Londoner did not realize any actual gains that would be subject to disgorgement under Rule 16(b). Thus, at this juncture, Defendants' interests are completely aligned. Both Defendants are united in their common interest to dispose of Plaintiff's meritless claim. Forcing Defendants to hire separate counsel will only add unnecessary expense to the equation.

Not surprisingly, the joint representation of both the corporate and individual defendants is routinely permitted in derivative actions. *See e.g., Kira Inc. v. All Star Maintenance Inc.*, 267 Fed. Appx. 352, 356 (5th Cir. 2008) (affirming denial of motion to disqualify in derivative action); *S. & S. Realty Corp. v. Kleer-Vu Industries Inc.*, 575 F.2d 1040, 1041 (2d Cir. 1978) (single attorney for both defendants in Rule 16(b) case); *Pu v. Greenthal Management Corp.*, No. 08 CIV 10084 (RJH), 2009 WL 648898, *8 (S.D.N.Y. Mar. 10, 2009) (denying motion to disqualify in derivative action); *Stilwell Value Partners IV, L.P. v. Cavanaugh*, 123 A.D.3d 641, 641-42 (N.Y. Sup. Ct. 2014) (same).

Finally, even if a conflict of interest were to exist -- which it does not -- BioSig and Mr. Londoner would give their full, informed consent to joint presentation by the undersigned. Rule 1.7 of the New York Rules of Professional Conduct specifically provides that, "Notwithstanding the existence of a concurrent conflict of interest . . . , a lawyer may represent [the clients] if . . . each affected client gives informed consent, confirmed in writing."[3] *See U.S. v. Thompson*, 803 F. Supp. 905, 907-08 (S.D.N.Y. 1992). To the extent that this Court perceives a potential conflict of interest, the Defendants will provide written consent, obviating any need to disqualify the undersigned.

For these reasons, Plaintiff's anticipated disqualification motion is without merit and permission to file such a frivolous motion should be denied.

Respectfully submitted,

Jonathan D. Pressment

I am in receipt of the parties' pre-motion letters and responses thereto. (See Docs. 8, 10, 12.) The parties are directed appear for a pre-motion conference regarding the anticipated motions on July 22, 2016 at 11:30 a.m. in Courtroom 518 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

SO ORDERED:

Vernon Broderick
HON. VERNON S. BRODERICK   7/14/2016
UNITED STATES DISTRICT JUDGE

---

[3] The other circumstances necessary to ~~v~~ [obscured by signature] it: (1) the lawyer reasonably believes that he will be able [obscured] ent both clients; (2) the representation is not prohibited [obscured] s not involve the assertion of a claim by one client against the other. None of these circumstances appear to be in question here.